**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**


IN RE:  GREGORY COLLINS PERRY
and AMY LEE PERRY

                        Debtors.

GREGORY COLLINS PERRY
and AMY LEE PERRY,

                        Appellants,

v.                                                CIVIL ACTION NO.  5:12-cv-00781

STEVE E. SEARS
and DIANE B. SEARS,

                        Appellees.

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

IN RE:  GREGORY COLLINS PERRY
and AMY LEE PERRY

                        Debtors.

STEVE E. SEARS
and DIANE B. SEARS,

                        Appellants,

v.                                                CIVIL ACTION NO.  5:12-cv-00917

GREGORY COLLINS PERRY
and AMY LEE PERRY,

                        Appellees.

## MEMORANDUM OPINION AND ORDER[1]

The Court has reviewed the *Motion of Gregory Perry and Amy Lee Perry for Re-Hearing Pursuant to Bankruptcy Rule 8015* ("Mot. to Reconsider") (Document 14) and the opposition filed thereto (Document 16).[2] Mr. Perry seeks reconsideration of this Court's March 5, 2013 judgment reversing the Bankruptcy Court's determination that Mr. Perry presented a sufficient basis to demonstrate excusable neglect in his request for an extension of time in which to file his notice of appeal. As a result of that ruling, this Court found that it lacked jurisdiction over Mr. Perry's appeal of the January 27, 2012 Order Awarding Damages as Non-Dischargeable Debt.[3]

*I.*

The Court first observes that Mr. Perry timely filed a motion for reconsideration of this Court's March 5, 2013 judgment under Federal Rule of Bankruptcy Procedure 8015, which states:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for

---

[1] Unless otherwise notated, citations to the instant motion and related submissions are from In re: Gregory Collins Perry, Civil Action No. 5:12-cv-0917.

[2] The Court observes that this motion is captioned as a motion for rehearing for both Gregory and Amy Perry. However, the Court observes that only Mr. Perry sought the extension of time to file an appeal in the Bankruptcy Court and subsequently filed the notice of appeal of the Bankruptcy Court's January 27, 2012 Order in this Court. (*See* Record on Appeal, Order Granting Motion of Defendant / Debtor Gregory Collins Perry for Enlargement of time for Within Which To File Notice of Appeal Pursuant to Bankruptcy Rule 8002(c)(2) (Document 2-18), *Perry v. Sears*, Civil Action No. 5:12-cv-781 (S.D. W. Va. Mar. 5, 2013); Brief of Appellant Gregory Collins Perry (Document 10) at 1, 8, *Perry v. Sears*, Civil Action No. 5:12-cv-781 (S.D. W. Va. Mar. 5, 2013)). As a result, the Court's March 5, 2013 Memorandum Opinion and Order addressed only the concern of Gregory Collins Perry. Therefore, the only party that could seek relief as asserted in this motion is Mr. Perry, and the Court will, therefore, consider the motion as having been filed by Mr. Perry only.

[3] A more detailed version of the facts and procedural posture of this case can be found in the Court's March 5, 2013 Memorandum Opinion and Order (Document 13).

> all parties shall run from the entry of the order denying rehearing
> or the entry of subsequent judgment.

Fed.R.Bankr.P. 8015. While this procedural rule permits a party the right to seek rehearing, it does not explicitly provide the requirements for such a motion or the standard for a district court's consideration of the motion.[4] As a result, some courts have applied the standard pertinent to Rule 40(a)(2) of the Federal Rules of Appellate Procedure since the Advisory Committee Notes to Rule 8015 explain that this bankruptcy procedural rule was adapted from that appellate rule. *See In re Fowler*, 394 F.3d 1208, 1215 (9th Cir. 2005) (applying Rule 40(a)(2)); *Baumhaft v. McGuffin*, Civil Action No.4:06-cv-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007), *affirmed*, 283 F.App'x 120 (4th Cir. 2008) (discussing motion for rehearing standard). Rule 40(a)(2) requires that a party seeking rehearing of an issue state with particularity each point of law and / or fact that the party believes the court overlooked or misapprehended. This rule is reflective of the purpose behind a Rule 8015 motion, which is to ensure that a party has recourse to pinpoint to a district court that it has overlooked or misapprehended a fact or point of law. *Baumhaft*, 2007 WL 3119611, at *1) (citing 10 Collier on Bankr. P. 8015.01 (15th ed. rev. 2004)). However, a "[p]etition[] for rehearing should not simply reargue the plaintiff's case or assert new grounds." (*Id.*) (citation omitted.).

## II.

Turning to Mr. Perry's motion, the Court observes that they have presented three principal arguments. First, Mr. Perry argues that while this Court correctly looked to the test pronounced in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) for its determination of excusable neglect, this Court's opinion "lean[ed] more toward the position of

---

[4] The Fourth Circuit Court of Appeals has not designated a standard of review for such a motion.

the dissent in <u>Pioneer</u>." (Mot. to Reconsider at 3) (contending that the majority opinion rejected

any attempts to "draw a line between ordinary negligence and partial 'indifference' to deadlines"

in favor of a more flexible approach to excusable neglect decisions.)  Mr. Perry argues that three

of the four factors in the *Pioneer* test weighed in their favor and, therefore, this Court should

have found excusable neglect.  Second, he re-iterates the argument that the reason their attorney

missed the appropriate deadlines in this case is similar to the error of the attorney in *Pioneer*.  In

support of this argument Mr. Perry, for the first time, submits a photocopy of the "particular US

Bankruptcy Code and Rules . . . which were reviewed [by his attorney] in determining the initial

twenty-eight (28) day time period for filing a Motion under Federal Rule 9023." (*Id.* at 2-3).

The gist of Mr. Perry's argument remains that the version of the applicable procedural rules

utilized by their attorney which "intersperses Federal Rules among Bankruptcy Rules" led to

their attorney's confusion about the applicable deadlines, and that excusable neglect should be

found in this case, like in *Pioneer*.  Third, he acknowledge that this Court correctly concluded

that the "Motion of Gregory Collins Perry Pursuant to Rule 8002(c)(2) for Extension of Time in

Which to File Appeal" filed in the Bankruptcy Court on February 23, 2012, exceeded the

fourteen day period for such motion by thirteen days. (*Id*. at 4.)  However, Mr. Perry asserts that

Rule 8002 of the Federal Rules of Bankruptcy "contemplates a request for authorization to file

appeal after the expiration of the fourteen (14) day time period." (*Id*.)  Mr. Perry argues that a

party may make such a request up to twenty-one days after the expiration of the fourteen day

time period for the filing of a notice of appeal. (*Id*. at 5.)  In this vein, he claims that they had up

to March 3, 2012, to file a Rule 8002 motion.  Consequently, Mr. Perry contends that this Court

"placed no weight upon the provision [of] Bankruptcy Rule 8002(c)(2) contemplating a window

of time in which to seek [an] extension of time to file a Notice of Appeal based upon the

4

equitable doctrine of Pioneer[.]" (*Id.*)  According to him, this portion of the rule should

"reasonably weigh in a manner supportive of the Bankruptcy Court's Ruling below." (*Id.* at 6.)

Mr. Perry also contends that the Court "gave no consideration" to the purpose of the abbreviated

time periods, the administration of Bankruptcy cases themselves and the rights of parties to seek

post trial relief.

In opposition, the Sears assert that Mr. Perry's motion, like the arguments on appeal, does

not place the appropriate level of emphasis on the reason for the delay (counsel's misreading of

the Bankruptcy Rules), that the Court presented a full analysis of the *Pioneer* factors and found

that the procedural rules cited to by Mr. Perry were not ambiguous, and that this Court correctly

found that the Bankruptcy Court erred in finding that Mr. Perry presented a sufficient basis to

demonstrate excusable neglect.  (*See* Memorandum in Opposition to Motion of Gregory Perry

and Amy Lee Perry for Re-Hearing (Document 16) at 2-3).

### III.

The Court has considered Mr. Perry's contentions and finds that while this Court

acknowledges that it erred in finding that Mr. Perry had until February 17, 2012, to seek an

extension of time to file his appeal, this error is without substance to the disposition of the

Court's previous determination that Mr. Perry failed to demonstrate excusable neglect warranting

him an extension of time in which to file his notice of appeal.  As Mr. Perry concedes, the

relevant Bankruptcy Court decision was filed on January 27, 2012, and the Motion of Gregory

Collins Perry Pursuant to Rule 8002(c)(2) for Extension of Time in Which to File Appeal was

"filed on February 23, 2012, which said date exceeded the fourteen (14) days from the entry of

the Bankruptcy Court's [O]rder . . . by thirteen [(13)] days[]".  It is incumbent upon the movant,

Mr. Perry, to demonstrate excusable neglect for seeking an extension of time to appeal after the

expiration of the fourteen day period. The test for such demonstration was pronounced in *Pioneer*, and finally the Court's March 5, 2013 Memorandum Opinion and Order contained a *Pioneer* analysis. Therefore, any finding about the maximum time in which Mr. Perry had to seek an extension of time to file a notice of appeal beyond the initial fourteen-day period provided for by Rule 8002 of the Federal Rules of Bankruptcy Procedure was not germane to the Court's *central* ruling. This is so because of the Court's further consideration of whether excusable neglect, as that term is defined by the applicable law, was demonstrated. Therefore, accepting Mr. Perry's argument that he had until March 3, 2012, to file a motion seeking an extension of time to file a notice of appeal, the Court finds that the substantive basis of its decision remains unchanged, given the failure to show excusable neglect. (*See* Memorandum Opinion and Order (Document 13) at 15) ("[E]ven if Mr. Perry could demonstrate a timely filed motion for an extension of time, he has failed to demonstrate excusable neglect. Indeed, even if he had, the Fourth Circuit Court of Appeals has instructed that the mere establishment of excusable neglect does not entitle a party to relief from the deadline. The decision still rests with the court.") (citation omitted).

On appeal, Mr. Perry had ample opportunity to fully set forth arguments relevant to the *Pioneer* factors and did so prior to the Court's decision. Therefore, any further argument relative to those factors now is not necessary. However, this Court finds it necessary to address Mr. Perry's assertion that this Court's ruling leans toward the *Pioneer* dissent. This argument is wholly without merit. This Court did not employ a rigid examination of the *Pioneer* factors or perform an analysis reminiscent of the dissent in *Pioneer.* Instead, the Court embarked upon an equitable determination by considering all of the relevant circumstances relative to the movant's omission in its application of the *Pioneer* test. Relevant to Mr. Perry's argument for rehearing,

this Court recognized, as the Fourth Circuit Court of Appeals has instructed, that excusable

neglect is not "easily demonstrated, nor was it intended to be" and that "[t]he most important of

the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the third—

the reason for the failure to [timely] file." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d

530, 534 (4th Cir.1996). As a result, the Court considered the reason for Mr. Perry's delay in

meeting the applicable deadlines. As this Court previously found, Mr. Perry's failure to act in a

timely manner amounted to either a misreading or ignorance of the rule. In either respect, the

reason for the failure to timely file a motion to amend judgment or notice of appeal was a

mistake of law within the movant's control. Upon consideration of all *four* factors, the Court

concluded that Mr. Perry had not demonstrated excusable neglect. Mr. Perry has not presented

this Court with any argument or evidence that warrants a finding that this Court overlooked or

misapprehended pertinent facts or law as it relates to the *Pioneer* factors. Instead, Mr. Perry has

asserted an argument, generally stated, that the Court should have found excusable neglect

because the factors were three to one in his favor. This argument is not consistent with the

applicable law discussed above. *See Sherman v. Quinn*, 668 F.3d 421, 426-27 (7th Cir. 2012)

(finding that excusable neglect was not shown for counsel's failure to timely file notice of appeal

even though the length of the delay was minimal, no real prejudice was alleged and counsel had

not acted in bad faith.); *see also In re Alabama Protein Recycling*, LLC, 210 F.App'x 876, 878

(11th Cir. 2006) (finding that district court did not abuse its discretion in finding that counsel's

misreading of the Bankruptcy Rules and the Federal Rules of Civil Procedure was insufficient to

form the basis of excusable neglect) (unpublished per curiam decision).

Moreover, the Court observes that Mr. Perry has presented an exhibit that was not

presented to the Bankruptcy Court below or to this Court on appeal. Therefore, the Court

declines to review the same.  However, even if the Court were to rely on the exhibit, the Court

finds that  review of the particular page of the procedural rules reviewed by Mr. Perry's attorney

does not lead to any finding that the rule as presented therein is ambiguous or "peculiar and

inconspicuous" as the proof of claim described in *Pioneer*.  Consequently, to the extent that Mr.

Perry again asserts that his attorney's error is akin to the error made in *Pioneer*, the Court finds

that this argument was previously raised and considered on appeal.  Rule 8015 motions are not

permitted for re-argument of the same issues on appeal.  Therefore, no further finding in this

regard is warranted.

Finally, the Court has considered the purpose of the deadlines in the Bankruptcy rules

and the orderly administration of such cases.  In this case and on these facts, the Court finds that

the purpose of the relevant rule, Rule 8002, is not impaired by a court's consideration of

excusable neglect.

*IV.*

Therefore, having considered Mr. Perry's motion, the memoranda submitted in support

(Document 15) and in opposition (Document 16), the Court finds no reason to alter or amend its

previous ruling based on any misapprehension of fact or law.  Likewise, the Court has not

overlooked any particular fact or law in its earlier consideration and ruling that Mr. Perry failed

to demonstrate excusable neglect.  Consequently, Mr. Perry is not entitled to the relief he seeks.

As such, this Court does hereby **ORDER** that the Motion of Gregory Perry and Amy Lee Perry

for Re-Hearing Pursuant to Bankruptcy Rule 8015 (Document 14) be **DENIED**.  The Court

remands this case back to the Bankruptcy Court for disposition as contemplated herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Bankruptcy Court, to

counsel of record and to any unrepresented party.

ENTER:     April 23, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA